# **Exhibit B**

**Proposed Order for Avoidance Actions With
Total Amount in Controversy Less Than or Equal to $75,000**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| George L. Miller, the Chatper 7 trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>Defendants Listed on Exhibit "1",<br><br>Defendants. | **Re D.I. _____**<br><br><br>Adv. No. See Exhibit "1" |

**ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING**
**ADVERSARY PROCEEDINGS WITH TOTAL AMOUNT IN CONTROVERSY LESS**
**THAN OR EQUAL TO $75,000.00 BROUGHT BY PLAINTIFF PURSUANT TO**
**SECTIONS 502, 547, 548, AND 550 OF THE BANKRUPTCY CODE**

Upon the *Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Plaintiff Pursuant to Sections 502, 547, 548, and the Bankruptcy Code* (the "Motion"),[2] filed by George L. Miller, the Chapter 7 trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.* ("Plaintiff") for entry of an order (this "Order"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7012, 7016, 7026,

---

[1]     The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO).  The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2]     Capitalized terms used but not otherwise defined herein are defined in the Motion.

and 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 7016-1, 7016-2, and 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), establishing streamlined procedures governing all adversary proceedings with a total amount in controversy less than or equal to $75,000.00 brought by Plaintiff under sections 502, 547, 548, and 550 of the Bankruptcy Code in connection with the above-captioned chapter 7 cases, which are identified in **<u>Exhibit 1</u>** annexed hereto (each an "<u>Avoidance Action</u>," and collectively, the "<u>Avoidance Actions</u>"); and this Court having jurisdiction to consider and determine the Motion as a core proceeding in accordance with 28 U.S.C. §§ 157, 1331 and 1334; and it appearing that the relief requested in the Motion is necessary and in the best interests of the parties; and due notice of the Motion having been provided; and it appearing that no other or further notice of the Motion need be provided; and sufficient cause appearing therefore, it is hereby:

**ORDERED**, that the Motion be, and hereby is, granted in all respects as set forth herein; and it is further

**ORDERED**, that the procedures governing the Avoidance Actions are as follows:

**A.** **<u>Effectiveness of this Order</u>**

1.    This Order shall apply to all Defendants in the Avoidance Actions listed on **<u>Exhibit 1</u>**. To the extent a party is subject to this Order as well as the order covering those adversary proceedings with an amount in controversy greater than $75,000.00 in connection with another Avoidance Action, the parties shall meet and confer to decide whether the actions should proceed under one procedures order or the other. If an agreement cannot be reached, the parties may apply to the Court for resolution.

2.    This Order will not alter, affect or modify the rights of Defendants to seek a jury trial or withdraw the reference, or otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

**B.** **<u>Extensions to Answer or File Other Responsive Pleading to the Complaint</u>**

3.       Notwithstanding the time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action as may be set forth in the summons issued and served for such Avoidance Action, the time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action is extended to and including ninety (90) days after the issuance of the summons.  Without further order of the Court, the parties may stipulate to no more than three (3) additional extensions of time, with such stipulations to be filed on the respective adversary proceeding docket.

## C.  Waiver of Requirement to Conduct Initial Pretrial Conference

4.       The requirements of Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016 and Local Rule 7016-1 (i.e., pretrial conferences), are hereby waived and not applicable with respect to the Avoidance Actions. Neither Plaintiff nor any Defendant shall be required to appear at an initial pretrial conference or any subsequently scheduled pretrial conferences.  For the avoidance of doubt, the waiver of the requirements of Federal Rule of Civil Procedure 16 as set forth herein shall not apply to the requirements of Federal Rule of Civil Procedure 16(e) and 16(f).

## D.  Waiver of Requirement to Conduct Scheduling Conference

5.       The requirements of Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (i.e., mandatory meeting before scheduling conference/ discovery plan), are hereby waived and not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

## E.  Discovery, Mediation, and Dispositive Motion Schedule

6.       The parties' obligation to conduct formal discovery in each Avoidance Action shall be, and hereby is, stayed until the mediation process is concluded; provided that the stay of formal discovery shall in no way preclude, with respect to any Avoidance Action, Plaintiff and any Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the mediation process.

7.       Any open Avoidance Actions that have not been resolved or settled within thirty (30) days of the entry of this Order (the "Remaining Avoidance Actions"), shall be referred to mediation.

8.       Between thirty (30) and forty-five (45) days from the entry of this Order, Defendants in the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "Mediator," and collectively, the "Mediators") attached hereto as **Exhibit 2**. Concurrently, Defendants in the Remaining Avoidance Actions shall notify Plaintiff's counsel of their choice of Mediator by

contacting Plaintiff's counsel, Evan T. Miller and Paige N. Topper, in writing, via email at evan.miller@saul.com and paige.topper@saul.com.  If a Defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign such Remaining Avoidance Action to one of the Mediators on the Mediator List.

9.      Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to conduct conflicts checks on the Defendant(s) and, in the event of a conflict, may abstain from the particular mediation but also may seek a waiver of such conflict from the parties to such Avoidance Action.  In the event that the initially selected Mediator abstains or a waiver is not agreed upon by all parties, then the parties shall select another Mediator in accordance with the process contained in paragraphs 8 and 9 of this Order; provided that, the Defendant shall have three (3) business days to select another Mediator following notice that the initially selected Mediator abstains or a waiver is not agreed upon by all parties.

10.      On or about forty-five (45) days after the entry of this Order, Plaintiff, working with the Mediators, will commence scheduling mediations.  Each Mediator will provide to Plaintiff the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations.  Plaintiff's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the mediator.  Mediation will then be scheduled on a first-come, first-served basis.

11.      Promptly after selection of the Mediator in an Avoidance Action, Plaintiff shall file a notice with the Court identifying the Mediator selected for such Avoidance Action (the "Mediation Notice").

12.      Within seven (7) calendar days after the conclusion of the mediation, the Mediator shall file a report (the "Mediator's Report") in the Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

13.      All mediations of the Remaining Avoidance Actions must be concluded within one hundred thirty-five (135) days of the entry of this Order; except that Plaintiff may seek an extension of such deadline for any Remaining Avoidance Action for cause shown based on the facts and circumstances relating to such Remaining Avoidance Action including, without limitation, to conclude a mediation commenced but unfinished as one hundred thirty-five (135) days after the entry of this Order, or to schedule any Remaining Avoidance Action for a Mediation in the event that it could not be scheduled prior to one hundred thirty-five (135) days after the entry of this Order.  With the applicable Defendant's consent, Plaintiff may request such an extension through a proposed order submitted under certification of counsel.

14.      Any open Avoidance Actions shall be required to provide the disclosures required under Rule Federal Rule of Civil Procedure 26(a)(1), as incorporated by

Bankruptcy Rule 7026 (the "Initial Disclosures") on or before one hundred fifty (150) days from the entry of this Order.

15.     All written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the Mediator's Report is filed. Such written discovery shall not be served in any open Avoidance Action after one hundred eighty (180) days after the entry of this Order. Local Rule 7026-2(b)(ii) is modified to allow the counsel for Plaintiff and each Defendant serving the discovery request or response to be the custodian of such discovery material.

16.     The parties to the Avoidance Actions shall have through and including two hundred eighty-five (285) days from the entry of this Order to complete non-expert, fact discovery including depositions of fact witnesses.

17.     Except as otherwise provided herein, Federal Rules of Civil Procedure 26–37, to the extent made applicable to the Avoidance Actions by Bankruptcy Rules 7026–7037, shall apply to the Avoidance Actions.

18.     Should a discovery dispute arise, the complainant shall file with the Court a letter outlining said issues and forward a copy to chambers. Respondent must reply within two (2) business days. The letter, excluding exhibits, shall be no longer than two (2) pages. Respondent's reply, excluding exhibits, shall be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.

19.     Pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports (a) concerning any issue on which a party bears the burden of proof (not including any report by Plaintiff on insolvency), and (b) if Defendant intends to provide expert testimony regarding insolvency of the Debtors, such expert reports, if any, shall be made to the adverse party within three hundred and five (305) days of the entry of this Order.

20.     Pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports (a) of the parties' rebuttal experts, and (b) Plaintiff's report on the insolvency of the Debtors, if any, shall be made to the adverse party within three hundred thirty-five (335) days of the entry of this Order.

21.     All expert discovery, including expert witness depositions, shall be concluded within three hundred sixty-five (365) days of the entry of this Order.

22.     All dispositive motions shall be filed and served by three hundred ninety-five (395) days from the entry of this Order. The Local Rules governing dispositive motions in adversary proceedings, including Local Rules 7007-1 through 7007-4, shall apply.

**F.  Mediation Procedures and Requirements**

23.    Because the Remaining Avoidance Actions are proceedings before this Court, Delaware is the proper forum for mediation. Local Rule 9019-5 and the Court's mediation order, Delaware Bankruptcy Court General Order re Procedures in Adversary Proceedings, dated April 7, 2004, as amended April 11, 2005 (establishing mediation procedures for all adversary proceedings), shall govern the mediations, except as otherwise set forth herein.

24.    The Mediators shall be required to file disclosures prior to the scheduling of mediation. Local Rule 9019-2(e)(iii)(B) shall apply.

25.    The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. At least one counsel for each party and a representative of each party having full settlement authority shall attend the mediation in person, except (1) a Mediator, in his or her discretion, may allow a party representative to appear telephonically or by video, or (2) the parties may consent to a party representative appearing telephonically or by video. Any such request must be made prior to ten (10) business days before the scheduled mediation date, or Defendant is deemed to waive such request. Should a party representative appear by telephone or video, counsel appearing in person for that party shall have full settlement authority. To the extent a Mediator grants a party's request to appear telephonically or by video, the requesting party is responsible for arranging for and paying any fees associated with teleconference or video services. Should a dispute arise regarding a Mediator's decision on whether to allow a party representative to appear telephonically or by video rather than in person, a party may apply to the Court, in advance of the mediation, by sending a letter outlining said issues to chambers. The Court may then schedule a conference call to address the issues.

26.    The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures that are reasonable and practical under the circumstances.

27.    The Mediator may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

28.    The parties must participate in the scheduling of mediation and mediate in good faith. If the mediator believes that a party to the mediation is not attempting to schedule or resolve the mediation in good faith, the mediator may file a report with the Court. The Court may, without need for further motion by any party, schedule a hearing. If the Court determines that the party is not cooperating in good faith

-6-

with the mediation procedures, the Court may consider the imposition of sanctions. Additionally, if either party to the mediation is not attempting to schedule or resolve the mediation in good faith, the opposite party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of the mediation. Sanctions may include, but are not limited to, attorney's fees and costs and Mediator's fees.

29.    Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with this Order with respect to mediation, may result in a default judgment or dismissal being obtained against the party failing to comply with the mediation provisions. The Mediator shall promptly file a notice with the Court when any party fails to comply with the mediation provisions set forth in this Order.

30.    The Mediator's fees shall be paid by Plaintiff. Plaintiff shall pay the Mediator a $250.00 administrative fee (the "Administrative Fee") upon acceptance of appointment. The Mediator's mediation fees shall be fixed at $3,000.00 per case. Plaintiff shall pay $750.00 of the Mediator's mediation fee at least seven (7) calendar days before the commencement of mediation (the "Pre-Mediation Fee"). The remaining fee will be paid by Plaintiff on the date of mediation, should the mediation go forward. If the parties settle prior to mediation, the mediator must be informed of the settlement prior to seven (7) calendar days before the scheduled mediation, or the Pre-Mediation Fee is non-refundable.

31.    Mediation that is continued for more than one (1) calendar day will be continued on an hourly fee basis at the rate of $500.00 per hour to be paid by Plaintiff.

32.    Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions at one time and, in such event, the Mediation Fee shall be based upon the combined total claim amount for all related Avoidance Actions.

33.    Mediation statements are due seven (7) calendar days prior to the mediation to the Mediator. Unless otherwise directed by the Mediator, the mediation statements shall be shared with the opposing party, except that any party that has confidential information may share the same solely with the Mediator. The Mediator will direct the parties as to further instructions regarding the mediation statements.

34.    Without the prior consent of all parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any Defendant in the Avoidance Actions, then (a) the Mediator shall not personally participate in the representation of that Defendant, (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it, and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to this Order shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

35.     The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under this Order. Any documents provided to the Mediator by the parties shall be destroyed thirty (30) days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, subject to court order, a Mediator may be called as witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order. Local Rule 9019-5(d) shall apply.

36.     All proceedings and writing incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence. Local Rule 9019-5(d) shall apply.

## G. <u>Avoidance Actions Omnibus Hearings</u>

37.     The initial pretrial conference scheduled for July 10, 2025, at 11:00 AM (ET) shall be deemed waived. Thereafter, except as otherwise ordered by the Court, the pretrial conference shall be adjourned to quarterly status conferences. Except as otherwise ordered by the Court, all matters concerning any Avoidance Actions shall be heard only at status conferences before the Court (collectively, the "<u>Avoidance Actions Omnibus Hearings</u>"), at which there may be status conferences, final pre-trial conferences and hearings on motions, if any.

38.     Defendants are not required to appear at any Avoidance Actions Omnibus Hearings unless (a) a motion pertaining to a Defendant's Avoidance Action is calendared to be considered at the Avoidance Actions Omnibus Hearing, or (b) the Court has directed such Defendant to appear. To the extent a Defendant in any Avoidance Action wishes to appear at an Avoidance Actions Omnibus Hearing, and it has not otherwise notified Plaintiff through a notice of motion, Defendant or its counsel must notify Plaintiff's counsel of the same, in writing, five (5) days prior to said hearing so that Plaintiff may properly prepare to address any issues or concerns at the Avoidance Actions Omnibus Hearing or in advance thereof.

39.     Unless the Court orders otherwise, all motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Avoidance Actions Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at the next Avoidance Actions Omnibus Hearing that is at least thirty (30) calendar days after such motion, pleading, request for relief or other materials are filed and served.

40. Plaintiff shall file a report one (1) week prior to each Avoidance Actions Omnibus Hearing setting out the status of each of the Avoidance Actions and shall contemporaneously deliver a copy of the report to the Court's chambers.

41. If, after all discovery has been completed in an Avoidance Action, mediation has concluded but was not successful, and any issues of fact or law remain after dispositive motions, if any, have been decided, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court will address additional issues arising subsequent to this Order, set additional deadlines, if necessary, establish a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

## H. **Miscellaneous**

42. The Local Rules and general orders issued by the Court shall apply, except that this Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

43. Bankruptcy Rule 9006(a)(1)(C) applies to all deadlines established by this Order. If any deadline set by this Order would fall on a Saturday, Sunday, or legal holiday, then the deadline runs on the next day that is not a Saturday, Sunday, or legal holiday.

44. The deadlines and/or provisions contained in this Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation shall be filed with the Court (though need not be approved by the Court); and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# **Exhibit 1**

**List of Avoidance Actions With
Total Amount in Controversy Less Than or Equal to $75,000**

| # | Defendant Name | Adversary Proceeding No. | Preference Amount (less than or equal to 75k) | Filed By |
|---|----------------|--------------------------|-----------------------------------------------|----------|
| 1 | Abaco Steel Products | 25-50227 | $22,811.25 | Saul Ewing LLP |
| 2 | ABS Pump Repair, Inc. | 25-50286 | $10,224.72 | Saul Ewing LLP |
| 3 | Absolute Plumbing of Long Island, Inc. | 25-50078 | $27,829.05 | Saul Ewing LLP |
| 4 | Airmatic Compressor Systems, Inc. | 25-50289 | $16,238.97 | Saul Ewing LLP |
| 5 | Alcami Corporation | 25-50229 | $42,790.69 | Saul Ewing LLP |
| 6 | Alcus Fuel Oil & Sons, Inc. | 25-50353 | $19,749.40 | Saul Ewing LLP |
| 7 | ALKU Technologies, LLC | 25-50231 | $40,920.00 | Saul Ewing LLP |
| 8 | Ameren Illinois | 25-50291 | $17,224.19 | Saul Ewing LLP |
| 9 | American International Relocation SOL d/ | 25-50089 | $25,761.27 | Saul Ewing LLP |
| 10 | Ametek, Inc. | 25-50292 | $20,059.94 | Saul Ewing LLP |
| 11 | Amphenol Thermometrics, Inc. | 25-50294 | $11,146.15 | Saul Ewing LLP |
| 12 | Apex Material Handling Corp. of IL | 25-50295 | $15,828.82 | Saul Ewing LLP |
| 13 | Applied Physics, Inc. | 25-50090 | $39,918.55 | Saul Ewing LLP |
| 14 | Aries Global Logistics, Inc. | 25-50297 | $10,813.37 | Saul Ewing LLP |
| 15 | Arjay Company d/b/a Veritiv | 25-50260 | $69,752.72 | Saul Ewing LLP |
| 16 | Armstrong Relocation & Companies LLC | 25-50091 | $24,363.50 | Saul Ewing LLP |
| 17 | Ascension Health Alliance | 25-50182 | $24,718.03 | Ciardi, Ciardi & Astin |
| 18 | Asembia LLC | 25-50092 | $28,950.07 | Saul Ewing LLP |
| 19 | Ash Pallet Management LLC | 25-50079 | $24,555.00 | Saul Ewing LLP |
| 20 | Axon, LLC | 25-50298 | $16,392.43 | Saul Ewing LLP |
| 21 | Balco Industries, Inc. | 25-50301 | $12,825.00 | Saul Ewing LLP |
| 22 | Bana Electrical Testing Corp. | 25-50105 | $54,461.00 | Saul Ewing LLP |
| 23 | Biopharm Recruiting Partners | 25-50302 | $10,000.00 | Saul Ewing LLP |
| 24 | Boston Analytical, Inc. | 25-50304 | $16,900.00 | Saul Ewing LLP |
| 25 | Camfil - DP Fillters | 25-50093 | $33,747.54 | Saul Ewing LLP |
| 26 | CasterDepot, Inc. | 25-50305 | $10,944.79 | Saul Ewing LLP |
| 27 | Central Illinois Scale Company | 25-50094 | $47,422.02 | Saul Ewing LLP |
| 28 | Chem-Aqua, Inc. | 25-50109 | $28,797.77 | Saul Ewing LLP |
| 29 | ChemPoint.com | 25-50113 | $36,815.68 | Saul Ewing LLP |
| 30 | Coldchain Technology Services | 25-50081 | $23,110.28 | Saul Ewing LLP |
| 31 | ColorCon, Inc. | 25-50245 | $31,640.00 | Saul Ewing LLP |
| 32 | Commonwealth Edison Company | 25-50184 | $40,677.79 | Ciardi, Ciardi & Astin |
| 33 | Complete Cleaning Company, Inc. | 25-50082 | $34,077.00 | Saul Ewing LLP |
| 34 | CompliancePath Ltd. | 25-50355 | $15,850.00 | Saul Ewing LLP |
| 35 | Cozzoli Machine Company | 25-50306 | $14,661.89 | Saul Ewing LLP |
| 36 | CT Logistic, Inc. | 25-50307 | $17,116.66 | Saul Ewing LLP |
| 37 | Curia Global, Inc. | 25-50125 | $32,247.50 | Saul Ewing LLP |
| 38 | Dahl Compliance Consulting LLC | 25-50126 | $67,006.25 | Saul Ewing LLP |
| 39 | Denovo | 25-50131 | $54,350.00 | Saul Ewing LLP |
| 40 | Diligent Corporation | 25-50083 | $25,000.00 | Saul Ewing LLP |
| 41 | Direct Energy Business Marketing LLC | 25-50132 | $71,128.21 | Saul Ewing LLP |
| 42 | Domino Amjet | 25-50134 | $35,599.20 | Saul Ewing LLP |
| 43 | Ecolab, Inc. | 25-50272 | $13,787.81 | Saul Ewing LLP |
| 44 | EconDisc Contracting Solutions LLC | 25-50273 | $17,785.49 | Saul Ewing LLP |
| 45 | EDI Staffing, Inc. | 25-50274 | $21,504.00 | Saul Ewing LLP |
| 46 | EG Life Sciences LLC | 25-50136 | $53,647.50 | Saul Ewing LLP |
| 47 | Elm Freight Handlers, Inc. | 25-50084 | $33,013.50 | Saul Ewing LLP |
| 48 | Essential Ingredients, Inc. | 25-50138 | $22,702.37 | Saul Ewing LLP |
| 49 | Evisort Inc. | 25-50275 | $19,375.00 | Saul Ewing LLP |
| 50 | Evoqua Water Technologies LLC | 25-50086 | $39,461.77 | Saul Ewing LLP |
| 51 | Eye Med Vision Care | 25-50276 | $21,767.96 | Saul Ewing LLP |
| 52 | Filamatic | 25-50341 | $64,310.27 | Saul Ewing LLP |
| 53 | Freyr, Inc. | 25-50154 | $39,300.00 | Saul Ewing LLP |
| 54 | Gentinge USA Sales LLC | 25-50277 | $10,036.00 | Saul Ewing LLP |
| 55 | Gordon Flesch Co, Inc. | 25-50158 | $46,801.02 | Saul Ewing LLP |
| 56 | Government Counsel LLC | 25-50278 | $10,438.00 | Saul Ewing LLP |
| 57 | Heritage Packaging LLC | 25-50133 | $37,732.66 | Saul Ewing LLP |
| 58 | Hudson Valley Plastics | 25-50139 | $33,583.00 | Saul Ewing LLP |

| 59 | IES Engineers | 25-50141 | $40,339.52 | Saul Ewing LLP |
| 60 | IMA North America, Inc. | 25-50252 | $44,585.32 | Saul Ewing LLP |
| 61 | IMCD Group | 25-50144 | $68,253.46 | Saul Ewing LLP |
| 62 | Interior Specialty Construction | 25-50147 | $63,780.00 | Saul Ewing LLP |
| 63 | Intertek | 25-50280 | $17,165.14 | Saul Ewing LLP |
| 64 | Iron Mountain Incorporated | 25-50087 | $40,493.89 | Saul Ewing LLP |
| 65 | JDK Group Solutions LLC | 25-50281 | $10,376.96 | Saul Ewing LLP |
| 66 | JDLR Consulting, LLC | 25-50282 | $20,000.00 | Saul Ewing LLP |
| 67 | Johnson Controls Fire Protection LP | 25-50257 | $22,954.74 | Saul Ewing LLP |
| 68 | Johnson Controls Security Solutions | 25-50259 | $30,979.86 | Saul Ewing LLP |
| 69 | JP Paradise Landscaping LLC | 25-50283 | $12,926.37 | Saul Ewing LLP |
| 70 | Keyspan Gas East Corporation d/b/a Nati | 25-50344 | $57,042.38 | Saul Ewing LLP |
| 71 | Kirby Risk Corporation | 25-50264 | $33,317.10 | Saul Ewing LLP |
| 72 | Kraft Chemical Company | 25-50285 | $10,890.50 | Saul Ewing LLP |
| 73 | Lentz Milling Company LLC | 25-50288 | $18,819.00 | Saul Ewing LLP |
| 74 | Liquent LLC | 25-50165 | $25,062.50 | Saul Ewing LLP |
| 75 | Lonza Biosciences | 25-50166 | $73,700.32 | Saul Ewing LLP |
| 76 | Malik & Popiel PC | 25-50177 | $17,600.00 | Ciardi, Ciardi & Astin |
| 77 | Managed Healthcare Associates | 25-50168 | $36,353.18 | Saul Ewing LLP |
| 78 | Martin Petersen Company, Inc. | 25-50287 | $17,193.60 | Saul Ewing LLP |
| 79 | Matheson Tri-Gas, Inc. | 25-50290 | $19,179.25 | Saul Ewing LLP |
| 80 | Matrix Absence Management, Inc. | 25-50170 | $31,797.43 | Saul Ewing LLP |
| 81 | McCrone Associates, Inc. | 25-50293 | $15,100.00 | Saul Ewing LLP |
| 82 | Mettler Toledo Rainin | 25-50171 | $22,909.68 | Saul Ewing LLP |
| 83 | Motion Industries, Inc. | 25-50185 | $26,231.29 | Ciardi, Ciardi & Astin |
| 84 | MSDS Online, Inc. | 25-50296 | $18,599.00 | Saul Ewing LLP |
| 85 | North American Corporation of IL | 25-50111 | $49,268.99 | Saul Ewing LLP |
| 86 | North Shore Gas | 25-50300 | $19,092.11 | Saul Ewing LLP |
| 87 | Optima Machinery Corp. | 25-50142 | $59,575.12 | Saul Ewing LLP |
| 88 | Otis Elevator | 25-50114 | $51,945.00 | Saul Ewing LLP |
| 89 | Oxford Global Resources, LLC | 25-50303 | $14,560.00 | Saul Ewing LLP |
| 90 | Pavemaster Asphalt & Sealing, Inc. | 25-50308 | $10,688.70 | Saul Ewing LLP |
| 91 | PDQ Communications Inc. | 25-50331 | $33,756.00 | Saul Ewing LLP |
| 92 | Performance Validation, Inc. | 25-50309 | $13,127.00 | Saul Ewing LLP |
| 93 | Pestalozzi Attorneys at Law, Ltd | 25-50179 | $45,504.58 | Ciardi, Ciardi & Astin |
| 94 | Phenomenex, Inc. | 25-50161 | $33,086.70 | Saul Ewing LLP |
| 95 | Power Supply of Illinois, Inc. | 25-50310 | $15,662.27 | Saul Ewing LLP |
| 96 | PPC Flexible Packaging, LLC | 25-50313 | $16,063.30 | Saul Ewing LLP |
| 97 | Premier Group | 25-50314 | $16,389.81 | Saul Ewing LLP |
| 98 | Provident Life and Accident Ins. Co. | 25-50315 | $18,294.18 | Saul Ewing LLP |
| 99 | Quincy Compressor LLC | 25-50311 | $17,968.71 | Saul Ewing LLP |
| 100 | Ricky Simms Cleaning Service, LLC | 25-50193 | $23,993.77 | Saul Ewing LLP |
| 101 | Ricoh IT Services f/k/a MindSHIFT Techn | 25-50195 | $24,427.77 | Saul Ewing LLP |
| 102 | Rite Hite Arbon Equipment | 25-50312 | $11,504.83 | Saul Ewing LLP |
| 103 | Robert Half Management Resources | 25-50197 | $38,878.50 | Saul Ewing LLP |
| 104 | RX Sourcing | 25-50199 | $37,872.27 | Saul Ewing LLP |
| 105 | SafetyCall International | 25-50316 | $14,165.50 | Saul Ewing LLP |
| 106 | Sams Club | 25-50186 | $39,932.88 | Ciardi, Ciardi & Astin |
| 107 | Sannova Analytical, Inc. | 25-50200 | $34,155.20 | Saul Ewing LLP |
| 108 | Scisafe, Inc. | 25-50201 | $43,672.30 | Saul Ewing LLP |
| 109 | Sigma Aldrich | 25-50117 | $49,584.22 | Saul Ewing LLP |
| 110 | Sills Cummis & Gross P.C. | 25-50180 | $50,816.25 | Ciardi, Ciardi & Astin |
| 111 | Solar Winds | 25-50205 | $38,211.48 | Saul Ewing LLP |
| 112 | Sonitrol | 25-50317 | $10,518.06 | Saul Ewing LLP |
| 113 | Sotax Corp | 25-50206 | $41,836.02 | Saul Ewing LLP |
| 114 | Spacekraft | 25-50358 | $14,519.04 | Saul Ewing LLP |
| 115 | SPECGX, LLC | 25-50187 | $17,027.66 | Ciardi, Ciardi & Astin |
| 116 | Spectrum Chemical MFG. Corp. | 25-50318 | $20,993.71 | Saul Ewing LLP |
| 117 | Steriline North America, Inc. | 25-50119 | $48,791.87 | Saul Ewing LLP |
| 118 | Syntegon Technology Services, Inc. | 25-50211 | $61,684.23 | Saul Ewing LLP |
| 119 | System One Holdings, LLC | 25-50210 | $46,130.86 | Saul Ewing LLP |
| 120 | Tergus Pharma, LLC | 25-50208 | $34,196.54 | Saul Ewing LLP |

| 121 | Thermo Electron NA | 25-50319 | $18,281.34 | Saul Ewing LLP |
|-----|--------------------|----------|------------|----------------|
| 122 | TSO General Corp. | 25-50321 | $10,133.68 | Saul Ewing LLP |
| 123 | UL Verification Services, Inc. | 25-50216 | $23,706.06 | Saul Ewing LLP |
| 124 | United Cooling & Refrigeration, Inc. | 25-50122 | $32,740.66 | Saul Ewing LLP |
| 125 | Vaisala, Inc. | 25-50218 | $26,791.92 | Saul Ewing LLP |
| 126 | Vertex, Inc. | 25-50359 | $10,841.00 | Saul Ewing LLP |
| 127 | Video Jet Technologies, Inc. | 25-50223 | $33,069.47 | Saul Ewing LLP |
| 128 | W.W. Grainger, Inc. | 25-50333 | $72,190.36 | Saul Ewing LLP |
| 129 | Waters Technologies Corp. | 25-50219 | $50,634.88 | Saul Ewing LLP |
| 130 | Watson Marlow, Inc. | 25-50202 | $25,180.63 | Saul Ewing LLP |
| 131 | Wilkens-Anderson Company | 25-50224 | $28,450.02 | Saul Ewing LLP |
| 132 | Windstream d/b/a Paetec | 25-50123 | $46,902.52 | Saul Ewing LLP |
| 133 | Winters Bros Hauling | 25-50242 | $26,012.54 | Saul Ewing LLP |
| 134 | Wissen Digital Inc. | 25-50221 | $60,007.00 | Saul Ewing LLP |
| 135 | Xellia Pharma | 25-50225 | $42,000.00 | Saul Ewing LLP |
| 136 | Zatkoff Seals & Packaging | 25-50322 | $15,514.00 | Saul Ewing LLP |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

# **Exhibit 2**

## **List of Mediators**

1.      David Banker, Womble Bond Dickinson

2.      Connor Bifferato, The Bifferato Firm

3.      Leslie Berkoff, Moritt Hock & Hamroff LLP